# In the United States Court of Federal Claims

No. 15-490C
(Filed February 11, 2016)
NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                           \*
                           \*
**PETERSON INDUSTRIAL**      \*
**DEPOT, INC.,**                \*
                           \*
            Plaintiff,       \*
                           \*
     v.                    \*
                           \*
**THE UNITED STATES,**      \*
                           \*
           Defendant.     \*
                           \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Court yesterday held oral argument on the government's motion to dismiss from this case two of plaintiff's three claims.[†]  The complaint alleges both that the government breached a contract to transfer a property interest and also took that property interest without paying just compensation.  Compl. ¶¶ 40–52.  The government moves to dismiss the takings claim because it is predicated on a contract with the government.  Mot. at 10–12.

Plaintiff has clarified that its takings claim is pled in the alternative.  Resp. at 4.  In light of that clarification, and particularly since the government could not rule out the possibility of raising the sovereign acts defense, the Court finds that the appropriate course of action is to stay consideration of the takings claim.  *See Century Expl. New Orleans, Inc. v. United States*, 103 Fed. Cl. 70, 81–83 (2012); s*ee also Stockton E. Water Dist. v. United States*, 583 F.3d 1344, 1368–69 (Fed. Cir. 2009).  Accordingly the motion to dismiss the first cause of action is **DENIED**, and the takings claim is **STAYED**, pending the resolution of the contract breach claim.

---

[†]  Plaintiff did not oppose the government's motion to dismiss its promissory estoppel claim.  Pl.'s Resp. at 1.  The motion is **GRANTED** as to that claim.

- 2 -

The third cause of action is **DISMISSED** under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims because it is not within our court's jurisdiction.

Defendant shall file its answer to the remaining portions of the complaint on or by **Wednesday, February 25, 2016**.


**IT IS SO ORDERED.**


s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge