# In the United States Court of Federal Claims

No. 15-490C
(Filed February 26, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
PETERSON INDUSTRIAL              *
DEPOT, INC.,                     *
                                 *
                                 *
            Plaintiff,           *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
            Defendant.           *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

On February 11, 2016, the Court granted-in-part and denied-in-part the government's motion to dismiss two of the claims from this case. Applying Rule 12(a)(4)(A)(i) of the Rules of the United States Court of Federal Claims (RCFC), the government was ordered to "file its answer to the remaining portions of the complaint on or by Wednesday, February 25, 2016." Order (Feb. 11, 2016) at 2 (emphasis omitted). Two days before that deadline, defendant moved for a fifteen day enlargement of the time period in which to respond to the complaint, indicating that it intended to file, in lieu of its answer, a motion for summary judgment under RCFC 56. Def.'s Mot. for Enlargement, ECF No. 22, at 1 (Def.'s Mot.).

Plaintiff Peterson Industrial Depot, Inc. opposed this request and argued that, because the government has already filed one motion to dismiss portions of the case, the government is required to answer the complaint. *See* Pl.'s Opp'n to Gov't's Mot., ECF No. 23, at 2 (Pl.'s Opp'n) (citing RCFC 12(a)(4)(i)). Plaintiff contended that our rules only permit the government to delay the filing of a responsive pleading once. *Id.* Peterson also objected to the delay in the discovery process that would result from the indefinite postponement of the early meeting of counsel. *Id.* at 3 (citing RCFC 26(d)(1) & App. A ¶ 3).

The government replied and argued that RCFC 12(a)(4) "states that serving a motion under RCFC 56 alters the due date for filing an answer." Def.'s Reply in Supp. of Mot., ECF No. 25, at 1. Defendant contended that this rule does not prohibit the serial filing of motions to delay the requirement of an answer. *Id.* at 1–2. The government also maintained that plaintiff is not prejudiced or harmed by the enlargement, and that accommodating its dispositive motion would be efficient --- as resolving the legal question of the proper interpretation of the relevant deed would either end the case or narrow the issues to be addressed. *See id.* at 2. Neither plaintiff nor defendant has identified any relevant case law as to whether defendant is permitted two alterations to the time period in which to file its answer.

The Court agrees with Peterson that the plain language of RCFC 12(a)(4)(A)(i) requires an *answer* to be filed within 14 days of a ruling on an RCFC 12 or 56 motion that was filed in lieu of an answer (when the ruling does not dispose of the case, that is). After detailing the time periods in which three types of responsive pleadings must be filed, *see* RCFC 12(a)(1)(A)–(C), the rule states that "serving a motion under this rule or RCFC alters *these periods* as follows," RCFC 12(a)(4) (emphasis added), and then contains the 14 day period during which "the *responsive pleading* must be filed" after the motion is ruled upon, RCFC 12(a)(4)(A) (emphasis added); *id.* 12(a)(4)(A)(i). While the rule may admit to some ambiguity, the Court does not find it reasonable to construe this exception to deadlines as creating an exception to itself. If the intent of the rule was to allow the serial filing of motions, what would be required within 14 days (or the time otherwise remaining to answer, if longer) would have been described as a responsive pleading *or motion*. (An RCFC 12 or 56 motion is not, of course, a pleading, *see* RCFC 7(a)). Moreover, the order setting the February 25 deadline was explicit in requiring an "answer," rather than any type of response to the complaint. Order (Feb. 11, 2016) at 2.

The Court also finds, in the circumstances presented, that Peterson would be harmed by the delay in proceedings resulting from the absence of an answer. The government's efficiency argument presupposes that it will succeed in its motion for summary judgment. It is not evident that the question of deed interpretation that will be raised is a binary one, such that a decision against the government necessitates a decision in plaintiff's favor --- particularly since, without an answer, any affirmative defenses remain unrevealed. As the government has succeeded in postponing, and possibly eliminating, the takings claim, under which prejudgment interest is awarded, *see Shoshone Tribe v. United States*, 299 U.S. 476, 497 (1937), in favor of a contract breach claim which may not entitle plaintiff to such interest, were plaintiff to ultimately succeed any avoidable (and opposed) delays would cost it financially.

Accordingly, the government's motion for an enlargement of the time period in which to file its answer is **DENIED**. In light of government counsel's other commitments, *see* Def.'s Mot. at 2, and recognizing that the motion was timely and

earnestly filed, the Court will allow a short extension of the deadline.  The government shall file its answer on or by **Wednesday**, **March 2, 2016**.  This order does not affect the government's ability to file a motion for summary judgment.  *See* RCFC 56(b).

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge
